MARY H. HEWES *vs.* WILLIAM DEHON, Administrator.

Under a will directing the payment of all the testator's debts out of his estate, bequeathing the residue of his personal estate to his wife absolutely, and devising his real estate to his wife during widowhood, with remainder to his children, a note given by the testator in payment for real estate, and secured by a mortgage thereon, is to be paid out of his personal estate, unless the creditor elects to resort to the real estate.

ACTION OF CONTRACT to recover the sum of £5,000 recovered by the defendant, as administrator *de bonis non* of Samuel H. Hewes, the plaintiff's husband, from the executor of said Samuel's will, by a suit on his probate bond. This money was received by said executor upon the delivery by him of a deed of a house in Fayette Street, which the testator in his lifetime had agreed in writing to give, and had executed and acknowledged.

The defendant claimed the right to appropriate this sum to the payment of a note, given by the testator for a conveyance of land in Washington Street, and secured by a mortgage of the land, executed by the testator to his grantor at the time of such purchase.

The plaintiff contended that the estate on Washington Street should be specifically applied to the payment of the note secured by mortgage thereon, and claimed the sum in question, under her husband's will, which contained the following provisions : " I direct my executor to pay all my just debts and funeral expenses out of my estate. After the payment of my said debts and funeral expenses, I bequeath to my beloved wife, Mary H. Hewes, all the rest and residue of my personal estate, of whatsoever name or description, for her sole use and enjoyment forever. I give to my said wife all my household furniture and wearing apparel, for her sole use. I devise to my said wife all my real estate, so long as she shall remain unmarried and my widow, with remainder thereof, on her decease or marriage, to my children."

The parties submitted the case to the decision of the court upon the facts above stated.

*J. Meyer*, for the plaintiff.

*W. Dehon, pro se.*

THOMAS, J.   We do not perceive that the statement in relation to the sale of the estate by the testator becomes material in the decision of this cause.   Both parties have treated the sale as valid.   Both claim that the proceeds of the sale shall be regarded as personal assets.   The plaintiff claims them as part of the personal estate bequeathed to her absolutely ; the administrator *de bonis non* with the will annexed has sued for and recovered them as part of the personal assets to be by him administered.

The question therefore merely is, what disposition is to be made of these proceeds now in the hands of the administrator ? Shall they go to the plaintiff, under the provision of the will by which the testator gives to her all his personal estate after the payment of his debts ; or shall they be used for the payment of the note and mortgage given by the testator ?   We are of opinion that the money is to be applied to the payment of the debts of the deceased, this mortgage included.

The will, as its first provision, after the appointment of an executor, directs the payment of the testator's just debts and funeral charges out of his estate.   And after the payment of his debts and funeral charges, the testator bequeaths the rest and residue of his personal estate, of whatever name and description, to the plaintiff, for her sole use and enjoyment forever, that is to say, after the debts shall have been paid.

It is quite familiar law, that the personal property constitutes the primary fund out of which the debts of an estate, testate or intestate, are to be paid.   The real estate is be resorted to for that purpose, only where the personal estate is insufficient, or where specific personal property is given by way of legacy, or is expressly or by clear implication exempted from such payment, or where the real estate is in terms charged with the payment of debts, or the intent so to charge it is to be clearly inferred from the will.   In intestate estates, or testate, where the real estate is not so charged, the only funds coming into the hands of the administrator or executor for the payment of debts are

moneys or the proceeds of the sales of personal property. The authority to use the real estate for that purpose is derived solely from license of court, upon petition and proof that the personal estate is inadequate.

There is nothing, in the will of Mr. Hewes, indicating an intention to charge his real estate with the payment of his debts. On the other hand, it is clear that the testator intended that the debts should be paid from his personal estate. He simply directs the payment of his debts out of his estate, which, in the absence of other provision, must mean the personal estate, the fund primarily liable. And as if to relieve the matter from all doubt, he gives to his wife the rest and residue of the personal property after his debts shall have been paid.

The only question remaining is, whether the note given by the testator, and secured by mortgage of the testator's real estate, is one of the debts to be paid from the personal property. To this the answer is obvious. The note is the proper debt of the testator; the mortgage is collateral. The mortgagee may resort to the mortgaged estate for the payment of his debt, but he is not bound so to do. The testator was personally liable for the debt, while living, and his estate is liable after his death. The creditor elects in the present case, as he well may, to enforce his claim against the personal estate of the deceased in the hands of the defendant.

The suggestion is made by the counsel for the plaintiff that the real estate is devised to the children *cum onere,* and that they must take therefore subject to the mortgage. There is no specific devise of this particular estate. The entire real estate is given to the widow during her life or widowhood, the remainder to the children in equal shares. It is difficult to see therefore how the question of devise *cum onere* can be raised. Even where there is a specific devise, there must be a clear expression of the intent of the testator to fasten an incumbrance on the land devised. *Duke of Ancaster* v. *Mayor,* 1 Bro. C. C. 454. 2 Jarman on Wills, 533. Unless there is a clear expression, in the will, to the contrary, the incumbrance is to be discharged primarily out of the personal estate. *Phillips* v. *Phillips,* 2 Bro. C. C. (Amer. ed.)

273, and cases cited   In the will of Mr. Hewes there is not only no expression to the contrary, but a clear declaration of his purpose to have the debts paid from the personal property.

The rule, however, we may remark by way of caution, requiring incumbrances upon the real estate to be paid from the personal property, where no other intent is expressed in the will, is to be confined to incumbrances created by. the testator or his ancestor, and is not to be extended to cases where the testator or ancestor purchased the estate subject to the incumbrance, unless the testator or his ancestor had rendered himself personally liable therefor.                    *Judgment for the defendant.*